

Louisiana | Mississippi | Texas | Florida | Alabama | North Carolina | London

VIRGINIA Y. DODD
Partner
(225) 376-0269
ginger.dodd@phelps.com

February 20, 2020

18550-0492

**VIA FACSIMILE AND U.S. MAIL**

Joseph "Joey" F. LaHatte, III  
Jennifer Zajac  
LAHATTE LAW FIRM, LLC  
2000 Clearview Parkway, Suite 203  
Metairie, Louisiana 70001  
(855-733-8180)

Galen M. Hair  
Trent J. Moss  
SCOTT, VICKNAIR, HAIR & CHECKI, LLC  
909 Poydras Street, Suite 1100  
New Orleans, Louisiana 70112  
(504-613-6351)

Re: Insured: Georgetown Home Owners Association, Inc.  
Claim: Wind/Hail 5/18/18  
Policies: Certain Underwriters at Lloyd's London  
    Certificate No. AMR-60507  
Indian Harbor Insurance Company  
    Policy No. AMP7533479-00  
QBE Specialty Insurance Company  
    Policy No. MSP-25092  
Steadfast Insurance Company  
    Policy No. CPP1061037-00  
General Security Indemnity Company of Arizona  
    Policy No. 10T029659-08692-17-00  
United Specialty Insurance Company  
    Policy No. USI-21709-00  
Lexington Insurance Company  
    Policy No. LEX-014711295-00  
International Insurance Company of Hannover SE  
    Policy No. HAN-18862-00  
Loss Location: 5255 Congress Blvd., Baton Rouge, Louisiana 70809

Dear Counselors:

    We represent the underwriters and insurers identified above who subscribed to or issued policies (collectively "the Policy") to Georgetown Home Owners Association, Inc. (collectively "Insurers"), with respect to the claims of Georgetown Home Owners Association, Inc. ("Georgetown") against the Insurers for damage due to wind or hail occurring on or about May 18, 2018 ("the Loss"). The Insurers have instructed us to issue this correspondence, to demand arbitration as to all issues in dispute with respect to the Loss.

Exhibit B

COUNSELORS AT LAW

II City Plaza | 400 Convention Street, Suite 1100 | Baton Rouge, Louisiana 70802-5618 | Post Office Box 4412 | Baton Rouge, Louisiana 70821-4412
225-346-0285 | 225-381-9197 Fax | phelpsdunbar.com

PD.28092111.1

Counsel
February 20, 2020
Page 2

## FACTUAL BACKGROUND/CLAIM HISTORY

The Loss was reported to the Insurers on or about September 6, 2018. The Loss was initially reported as "Wind damage to roofs" allegedly as the result of a storm occurring on June 5, 2018. CJW & Associates, Inc. ("CJW") the Insurers' Third Party Administrator, contacted the insured representative, Ms. Megan Rodgers, on September 6, 2018, who advised wind damage to the roof coverings on at least 17 buildings was detected during a recent inspection.

CJW retained field adjuster Tommy Lea of Sedgwick, who inspected the property on September 9, 2018, with Georgetown's roofing contractor, Premier South Roofing. Mr. Lea's inspection found evidence of creased and broken seals on several of the shingle tabs consistent with recent wind damage. Mr. Lea subsequently prepared an Xactimate estimate in the amount of $125,885.78 Replacement Cost Value ("RCV"), and $96,278.05 Actual Cash Value ("ACV"). The estimate called for repairs to the 3-tab composition roof shingles, drip edge and ridge vents on 16 buildings (buildings A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P and Q). After application of the $25,000 wind/hail deductible, the undisputed ACV in the amount of $71,278.05 was tendered to Georgetown on or about October 26, 2018. Georgetown was advised that the age of the roofs (dating to 2002) prevented payment at RCV per the terms of the Policy.

Upon being advised by Georgetown that it was not in agreement with the Insurers' findings, CJW retained an engineer and building consultant for further investigation into the damages claimed. On February 5, 2019, CJW issued a Reservation of Rights ("ROR") citing relevant parts of the policy noting that further investigation needed to be conducted to determine coverage for the damages claimed. Building Consultant Luke Bowman of Young & Associates ("Y&A") and engineer Tod Lewis P.E. of Rimkus Consulting Group were retained. The Rimkus inspections took place on February 13-14, 2019. The Rimkus engineer report concluded that roof coverings were damaged by wind, and identified the number of missing, slipped, torn, folded or creased shingle tabs on each building.

On March 18, 2019, Georgetown retained a Public Adjuster, Mr. Colt Friday of Friday Claim Service ("the PA"). On April 26, 2019, the PA sent a report to CJW alleging hail damage occurring on May 18, 2018. The PA's estimate totals $981,332.25 RCV. The parties proceeded to try to reach a negotiated settlement but were unable to reach an agreed figure.

## INSURANCE INFORMATION

The Policy contains the following provisions with respect to the parties' obligations with respect to "[a]ll matters in difference … in relation to this insurance":

## SECTION VII – CONDITIONS

C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to and by whom and in what manner they shall be paid.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any ward the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

AR COMPASS 02 17

Counsel
February 20, 2020
Page 4

## DEMAND FOR ARBITRATION UNDER THE POLICY

At this time, it is apparent there is a dispute as to the amount of Loss, as well as other claims Georgetown is asserting against the Insurers. Therefore, the Insurers demand arbitration with respect to "[a]ll matters in difference between the Insured and the [… Insurers] in relation to this insurance". Please contact me to discuss whether a single arbitrator may be agreed. The Insurers reserve the right to appoint their arbitrator if the parties are unable to reach agreement on a single arbitrator.

Sincerely,

PHELPS DUNBAR LLP

Virginia Y. Dodd

VYD:orl
cc:   Max J. Cohen (via facsimile: 504-581-2461 and U.S. Mail)

PD.28092111.1